# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*Southern Division*

DAVID WAYNE NELSON,
   Petitioner,

v.

   Civil Case No.: GJH-15-3432
   Criminal Case No: GJH-13-0607

UNITED STATES OF AMERICA,
   Respondent.

## MEMORANDUM OPINION

On October 28, 2015, Petitioner David Wayne Nelson was sentenced to 140 months in prison following his guilty plea to a violation of 21 U.S.C. § 846, Conspiracy to Distribute and Possession with Intent to Distribute Cocaine. ECF No. 264. On November 9, 2015, Nelson filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") under 28 U.S.C. § 2255, which is currently pending before the Court. ECF No. 352. Respondent, United States of America, filed a Response brief, ECF No. 361, and Nelson filed a Reply brief, ECF No. 365. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Vacate is denied.

### I. BACKGROUND

On October 28, 2014, this Court sentenced Nelson to 140 months imprisonment for his involvement in a drug trafficking conspiracy in violation of 21 U.S.C. § 846. ECF No. 264. At the time of his conduct in this case, Nelson was on parole for two state offenses. ECF No. 204 at

10.[1] Prior to his sentencing, on April 16, 2014, Nelson entered into a plea agreement with the Government in which they agreed that "the parties will recommend that the Court designate a state facility as the location where the Defendant shall begin serving his federal sentence" and that "[t]he parties will also recommend that the Defendant's federal sentence run concurrently to any other sentence imposed on the Defendant . . . ." ECF No. 118 at 5. Although Nelson was originally conditionally released after his arraignment on April 16, 2014, ECF No. 148, he subsequently violated the conditions of his release and was detained pending sentencing on April 29, 2014, ECF No. 137.

At Nelson's sentencing, the parties did not recommend that Nelson "begin serving his federal sentence" in a state facility, as included in the plea agreement. When the Court inquired into this condition, Nelson's attorney, Christopher Nieto, explained that:

> At the time [of the plea deal] . . . Mr. Nelson was on release, and so we were working diligently with his parole officer, upon finding of guilt here, to have him taken into State custody and then run things concurrently. That didn't play out the way we hoped. So his parole issues are currently still unresolved. . . . There's no State sentence [against Nelson], so there's been a change since the date of the initial plea.

ECF No. 361-1 at 28–29. Nieto further went on to request that "Nelson be allowed into any residential drug or alcohol programs that he may qualify for." *Id.* at 29. The Court sentenced Nelson to 140 months of imprisonment at FCI-Petersburg. ECF No. 264 at 2.

On November 9, 2015, Nelson filed the pending Motion to Vacate, alleging ineffective assistance of counsel "for failure to secure transfer of defendant back to state for concurrent service." ECF No. 352 at 4. Specifically, Nelson argues that when "[t]he Judge at sentencing . . . had asked whether this Defendant would be returning to the State of Maryland . . . [Nieto] stood [mute] and the Defendant has been prejudiced and harmed . . . in that he has effectively had his

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

total term of incarceration increased due to the otherwise consecutive service of his State and Federal sentences." *Id.* The Government filed a Response on March 22, 2016, ECF No. 361, arguing that at the time of sentencing, Nelson "was in federal (not state) custody, due to his own failure to adhere to his conditions of release" and that there was "no reason for Nelson to be sent to a state facility to serve his federal sentence, as his plea agreement envisioned." *Id.* at 4. The Government further pointed out that there had not yet been issued "and may not ever . . . be imposed" a state sentence. *Id.* at 4–5. This is consistent with what Nieto conveyed to the Court at Nelson's sentencing hearing. ECF No. 361-1 at 28 ("I am hopeful that the parole agent . . . will recommend to the Parole Board to take no action, to close it out."). As such, the Government argues that Nelson fails both prongs of the *Strickland* test: that Nieto's conduct fell within the range of "professionally competent performance" because "the stipulation in Nelson's plea agreement . . . had no practical application," and that Nelson did not suffer prejudice because he "is not currently subject to any state sentence that will run consecutively to the sentence he received in this case." ECF No. 361 at 5. Nelson filed a reply on October 31, 2016, arguing that he should have been "delivered back to the State of Maryland for his parole revocation hearing" and that Nieto "should have known that a sentence cannot be given, in absentia, to any inmate, for a parole violation." ECF No. 365 at 1.

## II. STANDARD OF REVIEW

In order to be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *see also United States v. Moore*, 993 F.2d 1541 (4th Cir. 1993) (unpublished) (citing *Vanater v.*

3

*Boles*, 377 F.2d 898 (4th Cir. 1967)). A *pro se* petitioner is, of course, entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

An ineffective assistance of counsel claim is governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "Pursuant to that test, to prevail on an ineffective assistance claim, a petitioner must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that the deficiency prejudiced the defense." *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013) (citing *Strickland*, 466 U.S. at 687, 694). To establish that counsel's performance was deficient, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* (citing *Strickland*, 466 U.S. at 688). However, "[c]ourts 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' in order to avoid 'the distorting effects of hindsight.'" *Id.* (quoting *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008)). To establish prejudice, a petitioner "must show that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). Furthermore, a petitioner must show that counsel's "error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

### III. DISCUSSION

Here, Nelson's § 2255 Motion to Vacate fails to meet either prong of the *Strickland* test, and is therefore denied.

First, Nelson has not shown that Nieto's "performance was deficient" below "an objective standard of reasonableness." Nelson's sole contention is that Nieto did not assert Nelson's right to "receive <u>every</u> benefit of the plea agreement . . . ." ECF No. 365 at 1 (emphasis in original). However, Nieto's representation was nonetheless reasonable. Nieto and the Government explained to the Court that they had hoped to obtain a parole revocation hearing prior to sentencing, while Nelson was on conditional release; this way, at sentencing there would have been a State sentence pending that Nelson could have served concurrently. However, Nelson violated the terms of his conditional release, and was detained less than two weeks after his guilty plea, before Nieto could arrange for his parole revocation hearing. See ECF No. 137. Nelson did not have his parole revocation hearing, and there was no State sentence pending at the time of sentencing. As such, the stipulation in his plea agreement—which was entered into before he violated the terms of his conditional release—was no longer applicable. Nieto explained this to the Court, and continued to advocate for Nelson to "be allowed into any residential drug or alcohol programs that he may qualify for." ECF No. 361-1 at 29. The Court finds nothing "below an objective standard of reasonableness" about Nieto's conduct at the sentencing hearing and concludes that Nelson received reasonable representation.

Second, even if Nieto's representation met the first prong of the *Strickland* test, there is not a "reasonable probability that the deficiency prejudiced the defense," as Nelson has alleged nothing more than a "possibility of prejudice." *Satcher*, 126 F.3d at 572. As the Government and Nieto pointed out, it was not a foregone conclusion that the State Parole Board would impose an additional sentence on Nelson; Nieto articulated that "I am hopeful that the parole agent . . . will recommend to the Parole Board to take no action, to close it out." ECF No. 361-1 at 28.[2] As

---

[2] At the time of this Opinion, there is no information on the record before the Court regarding any action taken by the State Parole Board.

such, Nelson's argument that he "has effectively had his total term of incarceration increased due to the otherwise consecutive service of his State and Federal sentences," is nothing more than speculation, based on the record currently before the Court. The Court has no way of knowing if there will be a State sentence, or whether the Parole Board will give Nelson credit for the time served as part of his Federal sentence. It is also not a given that the Court would have accepted Nieto's recommendation that Nelson serve his Federal sentence in a State facility. Having alleged nothing more than a possibility of prejudice, the Court cannot find that Nieto's representation met the second prong of the *Strickland* test.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, no certificate of appealability will issue.

## V. CONCLUSION

Having failed to allege that Nieto's representation meets either prong of the *Strickland* test, the Court denies Nelson's Motion to Vacate, ECF No. 352. A separate Order shall issue.

Date: October 30, 2017

_____
GEORGE J. HAZEL
United States District Judge